GEORGE GIFFORD & others *vs.* ABRAHAM BROWNELL.

In an action of tort to recover damages for a disturbance of the plaintiff's right to take seaweed, the defendant cannot justify a continuous taking of twenty tons on one day, and six on the next, all of which he converted to his own use, under a license from the plaintiff by which he was authorized to take the seaweed, depositing one load on his own heap and one on the plaintiff's, alternately.

TORT. Upon the facts proved, which are stated in the opinion, the plaintiffs requested the judge, at the trial in the superior court, to instruct the jury that, if they were satisfied that the defendant only had a license to draw seaweed " on a lay," depositing one load on the heap of the plaintiff Gifford, and one on his own, alternately, and that he drew for himself alone, and exceeded his license, the license would be no justification to him ; but *Rockwell*, J. declined so to rule, and instructed the jury that if the defendant had such a license, and in taking the seaweed in question acted under it, that would be a defence to this action, although the evidence might not show an accurate division of what was so taken ; but if the defendant, in taking the seaweed, did it on his own account, and not under the license, he could not now avail himself of the license to justify the taking. The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*C. I. Reed*, for the plaintiffs.

*T. M. Stetson*, for the defendant.

HOAR, J. The instructions given to the jury at the trial were undoubtedly correct, as an abstract statement of a legal principle.

The action was an action of tort to recover damages for a disturbance of the plaintiffs' right to take seaweed from Horseneck Beach. The defendant relied upon a license from one of the plaintiffs, as a justification. If he acted under this license in taking the seaweed away, the plaintiffs would have no right of action against him, merely on account of his failure to make the compensation agreed upon to the person under whose license he acted. That is, the subsequent breach of contract would not make him a trespasser *ab initio.* If there had been but two loads taken, the fact that he did not leave one of them for Gifford would not make the doctrine inapplicable. He might have taken the seaweed from the beach, acting in good faith under his contract with Gifford in taking it; and for some reason, or wrongfully and without sufficient reason, have afterward omitted to put on Gifford's heap the load which he should have put there, and still the license would have been a defence to this action.

But the evidence showed that the defendant on one day took twenty tons of the seaweed, and on another day six tons, and carried it all away. The facts therefore did not present a case of any mere inaccuracy of division of the seaweed, such as the instructions given to the jury suppose; or of a rightful taking, and a subsequent failure to make a proper disposition of it. It was a continuous taking without any regard to the terms of the license. The license was to take it, and put one load on his own heap, and one on Gifford's, alternately. This was a conditional license; and when the condition was wholly disregarded, the license ceased; and the jury should have been so instructed. Undoubtedly if he took it under the license, the action could not be maintained; but the difficulty is, that he would not have taken it under the license, in the manner in which he did take it. The attention of the jury not having been called to this consideration, we think the instructions given were not sufficient, nor all that the case required; and that there should be a new trial.                                *Exceptions sustained.*